UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

SHIRE CITY HERBALS, INC.

                                                                   **COMPLAINT**

        Plaintiff,

  -against-                          **Civil Action No.**

TEMPLE TURMERIC, INC.
                Defendant.
_____

Plaintiff, Shire City Herbals, Inc. for its Complaint herein, alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**Nature of the Action**

1. This is an action for federal trademark infringement, federal false designation of origin, and unfair competition.

2. Plaintiff Shire City Herbals, Inc. ("Shire City" or "Plaintiff") seeks damages and injunctive relief for Defendant's infringement of Shire City's registered United States trademark FIRE CIDER® (the "Mark") and related federal and state claims.

**Jurisdiction and Venue**

3. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et* seq. and contains related Massachusetts statutory and common law claims. The Court's jurisdiction is based on 15 U.S.C. §1121(a), 28 U.S.C. §§1131, 1332, 1338(a-b) and §1367(a), as this is an action arising under the laws of the United States relating to trademarks and the Court has subject matter jurisdiction over the state law claims as those claims are part of the same case or controversy as the federal claims alleged herein.

4. Venue is proper in this District under 28 U.S.C. §§1391(b).

**The Parties and their Businesses**

5. Shire City is a Massachusetts corporation with its principal place of business at 115 Wendell Avenue, Pittsfield, Massachusetts 01201.

6. Shire City manufactures, packages, promotes, distributes and sells as its principal product a tonic comprised of natural ingredients including certified organic apple cider vinegar, organic oranges, lemons, honey, turmeric, garlic, ginger and habanero peppers (the "Product").

7. Upon information and belief, defendant Temple Turmeric, Inc. is a Delaware corporation, with a principal place of business at 39 Broadway, Suite 1110 New York, New York 10006 (the "Defendant").

8. Defendant's contacts with this District are systematic and continuous. On information and belief, Defendants are targeting, among others, Massachusetts consumers in order to drive those consumers to purchase a tonic product similar to Shire City's Product and in connection with which Defendant uses a trademark virtually identical to Shire City's Mark including through sales at grocery stores in Massachusetts such as Whole Foods.

**Shire City's Registered Trademark**

9. Shire City has continuously promoted, marketed and sold its Product in interstate commerce in connection with the Mark through direct to retail, trade shows, direct to consumer and its website www.firecider.com.

10. Shire City has adopted, used and is using the Mark in connection with the Product in interstate commerce since at least as early as December 4, 2010.

11. Shire City filed a used-based application for federal registration of its Mark on or about April 20, 2012. In recognition of the distinctiveness of the Mark, the United States Patent & Trademark Office ("the USPTO") noticed Shire City's application for public opposition on or about October 2, 2012. No oppositions were filed and on December 18, 2012, the USPTO approved Shire City's application and issued U.S. Registration No. 4260851 (the "Registration"). A true copy of Registration No. 4260851 is attached hereto as Exhibit A.

12. Since at least as early as December 4, 2010, Shire City has continuously and pervasively used its distinctive Mark in connection with its Product in interstate commerce.

13. As a result of its extensive use of the Mark in interstate commerce in connection with the Product, Plaintiff has created a recognized and respected brand and has generated extensive consumer goodwill in the Mark. Plaintiff exclusively enjoys the reputation and goodwill associated with the Mark.

14. The Registration is valid and subsisting in full force. Shire City also possesses common law trademark rights in the Mark in Massachusetts and throughout the United States.

15. Shire City has sold over 200,000 individual bottles of FIRE CIDER® tonic in the United States since its introduction in 2010. Shire City has provided over 5 million, 1

tablespoon servings to consumers at markets throughout the United States. Consumers have been directed to Shire City's website and Facebook page for further information relating to the Product. FIRE CIDER® tonic has been sold to consumers throughout the United States principally through retail establishments. In addition, Shire City sells its Product through direct to consumer markets and Shire City's website.

16. Shire City's FIRE CIDER® tonic has also received positive press and media attention throughout the United States and consumer reviews similarly demonstrate the goodwill Shire City has developed with its FIRE CIDER® brand of tonic.

### Defendant's Infringement of the FIRE CIDER® Mark

17. Defendant promotes, distributes and sells its PURE FIRE CIDER tonic product through Whole Foods and other retail channels of trade in Massachusetts and throughout the United States.

18. Defendant intentionally uses Shire City's Mark to capitalize on Shire City's and the Mark's extensive goodwill to promote its own tonic product offered through Whole Foods and other retail channels of trade in Massachusetts and throughout the United States.

19. Defendant's conduct is likely to confuse consumers as to the source of origin of Defendants' products.

20. Defendant's conduct has caused confusion among consumers as to the source of origin of Defendant's products.

21. Consumers of Defendant's products are likely to believe and have believed that Defendant's products originate from, are sponsored by or are somehow associated with Shire City.

22. Defendant initiated its infringing conduct despite possessing actual knowledge of Shire City's Mark and Registration.

23. Defendant has engaged in such conduct willfully, intentionally and knowingly disregarding Shire City's rights.

24. The wrongful activities of Defendant alleged herein have damaged Shire City and continue to damage Shire City and have unjustly enriched Defendant to the detriment of Shire City.

25. The wrongful activities of Defendant alleged herein have irreparably harmed and continue to irreparably harm Shire City, and will continue unless enjoined by this Court.

<u>**COUNT I**</u>
**(Trademark Infringement)**

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 24 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

27. Defendant's use and continued use of Shire City's registered Mark in connection with Defendant's goods is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Shire City's Product.

28. Defendant's use and continued use of Shire City's registered Mark in connection with Defendants' goods Marks is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Defendants' products.

29. Defendant's use and continued use of Shire City's registered Mark in connection with Defendants' goods is likely to cause the public wrongly to associate Plaintiff with the Defendant and to believe that Plaintiff is somehow affiliated or connected with Defendant.

30. Defendant's conduct – promoting, distributing and/or selling tonic products in connection with Shire City's registered Mark constitutes federal trademark infringement under 15 U.S.C. §1114(1).

31. Defendant's conduct has caused damages and irreparable harm to Plaintiff.

32. Plaintiff has no adequate remedy at law.

## COUNT II
### (Federal Lanham Act False Designation of Origin)

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

34. Defendant's use and continued use of Shire City's registered Mark in connection with Defendants' goods is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Shire City's Products.

35. Defendant's use and continued use of Shire City's registered Mark in connection with Defendant's goods is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Defendant's products.

36. Defendant's use and continued use of Shire City's registered Mark in connection with Defendant's goods is likely to cause the public wrongly to associate the Plaintiff with the Defendant and to believe that Plaintiff is somehow affiliated or connected with Defendant.

37. Defendant's conduct – promoting, distributing and/or selling its tonic product in connection with Shire City's registered Mark – constitutes federal false designation of origin under 15 U.S. C. §1125(a).

38. Defendant's conduct has caused damages and irreparable harm to Plaintiff.

39. Plaintiff has no adequate remedy at law.

## COUNT III
### (Trademark Infringement –Common Law)

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

41. Defendant's' conduct – promoting, distributing and/or selling their tonic products in connection with Shire City's registered Mark FIRE CIDER® – constitutes trademark infringement under the laws of the Commonwealth of Massachusetts.

42. Defendant's conduct has caused damages and irreparable harm to Plaintiff.

43. Plaintiffs have no adequate remedy at law.

## COUNT IV
### (Unfair Competition – Common Law)

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

45. Defendants conduct – promoting, distributing and/or selling their tonic products in connection with Shire City's registered Mark FIRE CIDER® –constitutes unfair competition under the laws of the Commonwealth of Massachusetts.

46. Defendant's conduct has caused damages and irreparable harm to Plaintiff.

47. Plaintiff has no adequate remedy at law.

## COUNT IV
### (State Law - Unfair Competition)

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of the Complaint with the same force and effect as if the same were fully set forth at length herein.

49. Defendant's conduct constitutes unfair competition and deceptive trade practices under M.G.L.A. 93A.

50. Defendant's conduct has caused damages and irreparable harm to Plaintiff.

51. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter judgment against Defendants as follows:

1. Granting an injunction temporarily, preliminarily and permanently enjoining Defendant from the use of Plaintiff's Mark;
2. Granting an award of Defendant's profits and a trebling thereof;
3. Granting an award of Plaintiff's damages and a trebling thereof;
4. Granting Plaintiff exemplary and punitive damages;
8. Granting Plaintiff costs and reasonable attorney's fees; and
9. Awarding such other and further relief as the Court may deem just and proper.

Dated: November 3, 2015

*/s/ Paul*

Paul C. Rapp, Esq.
Mass BBO #653858
Attorney for Plaintiff
PO Box 366
247 Beartown Mountain Road
Monterey, Massachusetts 01245
Telephone (413) 553-3189

*/s/ Sonya del Peral*

Sonya del Peral, Esq.
Pro Hac Vice Admission Pending
22 Park Row
Chatham, New York 12037
Telephone (518)-392-4267